GH HOLDINGS, LLC, Petitioner,

v.

MINNESOTA DEPARTMENT OF
COMMERCE, Respondent,

Minnesota Petroleum Tank Release
Compensation Board,
Respondent.

No. A13–0281.

Court of Appeals of Minnesota.

Dec. 23, 2013.

Daniel W. Voss, The Law Offices of Daniel W. Voss, PLLC, Minneapolis, Minnesota for petitioner.

Lori Swanson, Attorney General, Michael J. Tostengard, Assistant Attorney

General, St. Paul, Minnesota for respondents.

Considered and decided by
SCHELLHAS, Presiding Judge;
STAUBER, Judge; and BJORKMAN, Judge.

## OPINION

SCHELLHAS, Judge.

Invoking this court's original jurisdiction under Minn.Stat. §§ 14.44–.45 (2012), petitioner challenges the validity of Minn. R. 2890.4600, subp. 2(A), which purports to limit the evidence in a contested case to the evidence previously submitted to respondent board. Petitioner argues that rule 2890.4600, subpart 2(A), exceeds respondent-board's statutory authority and violates petitioner's right to due process. Because we conclude that respondent-board exceeded its statutory authority in adopting the rule, we declare the rule to be invalid. We therefore do not address petitioner's constitutional argument.

## FACTS

Petitioner GH Holdings LLC (GH) claims that, when excavating property for redevelopment in Rochester, it discovered releases from two underground gasoline storage tanks that date back to the early 1900s. GH's environmental consultant surveyed the releases, determined the extent of the contamination, and oversaw GH's voluntary cleanup of the site. GH sought reimbursement from respondent Minnesota Petroleum Tank Release Compensation Board (the board) for GH's response costs, including excavation; treatment; and disposal costs of 1,872 cubic yards of contaminated soil. The board denied GH's application in its entirety on the grounds that the Minnesota Pollution Control Agency (MPCA) did not order any corrective action and therefore GH's costs were not corrective-action costs. GH appealed the denial as a contested case. An administrative law judge (ALJ) scheduled a hearing.

Consistent with Minn. R. 2890.4600, subp. 2(A), the board argued that the evidence the ALJ can consider is limited to the written record previously submitted to the board. GH petitioned this court for a declaratory judgment to determine the validity of Minn. R. 2890.4600, subp. 2(A). The ALJ stayed the contested-case proceeding, pending a decision by this court on the petition for declaratory judgment. A special-term panel of this court ruled that GH could proceed with its petition for declaratory judgment.

## ISSUE

Is the challenged portion of Minn. R. 2890.4600, subp. 2(A), invalid because the board exceeded its statutory authority when it adopted the rule, purporting to limit evidence in a contested case to the written record previously submitted to the board?

## ANALYSIS

The Petroleum Tank Release Cleanup Act is embodied in Minnesota Statutes sections 115C.01–.13 (2012). "[T]he Act governs liability and procedures for releases of petroleum into the environment and establishes a fund for reimbursement of cleanup costs for such spills." *In re Crown CoCo, Inc.*, 458 N.W.2d 132, 135 (Minn.App.1990), *review dismissed* (Minn. Sept. 14, 1990). The act created the board, which is responsible for administering the act. Minn.Stat. § 115C.07. The board will "generally refund up to 90 percent and in certain cases more than 90 percent of corrective action costs incurred in remediating a petroleum spill." *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 870 (Minn.2010). Reimburse-

ment determinations may address (1) whether the person seeking reimbursement is an "eligible applicant," (2) what costs "were actually incurred and were reasonable," and (3) whether the costs were "corrective." Minn.Stat. § 115C.09.

When the board adopted procedural rules for both reimbursement determinations and contested-case appeals, it purported to exercise its rulemaking power under Minn.Stat. § 115C.07, subd. 3. The rules require that a reimbursement applicant submit a written application to the board. Minn. R. 2890.4400, subp. 1 (2013). The commissioner of the MPCA reviews the application and submits a report to the board. *Id.*, subp. 6 (2013) (requiring the commissioner to submit a report); *see generally* Minn. R. 2890.0015, subp. 18 (2013) (defining "Commissioner"). The board's staff then makes a determination of eligibility for reimbursement. Minn. R. 2890.4500, subp. 2 (2013). An applicant may appeal that determination to the board. *Id.*, subp. 3 (2013). In this case, GH appealed the determination of the board's staff.

> When the board considers an appeal of a reimbursement determination, the board must determine the amount of the reimbursement based on those costs it finds are eligible, actually incurred, and reasonable. The determination *must* be made on the basis of the *written record*. The board *may* also allow supplemental information explaining the application to be presented orally. The board may establish a fair and reasonable limit on time allowed for oral presentation.

*Id.* (emphasis added).

"An applicant for reimbursement may appeal a reimbursement determination of the board as a contested case under chapter 14." Minn.Stat. § 115C.12, subd. 2(a). "On appeal, the Office of Administrative Hearings must determine whether the *evidence submitted to the board* entitles the applicant to reimbursement and whether the board's determination is otherwise consistent with or contrary to law." Minn. R. 2890.4600, subp. 2(A) (emphasis added). The final decision in a contested case is made by the commissioner of commerce. Minn.Stat. § 115C.12, subd. 3.

■ GH argues that rule 2890.4600, subpart 2, is invalid because the board exceeded its statutory authority by purporting to limit the evidence that may be presented in contested case appeals of board decisions. "The validity of any rule may be determined upon the petition for a declaratory judgment thereon, addressed to the Court of Appeals, when it appears that the rule ... interferes with or impairs ... the legal rights or privileges of the petitioner." Minn.Stat. § 14.44. This court "shall declare the rule invalid" if the rule (1) "violates constitutional provisions," (2) "exceeds the statutory authority of the agency," or (3) "was adopted without compliance with statutory rulemaking procedures." Minn.Stat. § 14.45. The board relies on *Geo. A. Hormel & Co. v. Asper*, 428 N.W.2d 47, 50 (Minn.1988), in which the supreme court stated that the "agency's interpretation of the statutes it administers is entitled to deference and should be upheld, absent a finding that it is in conflict with the express purpose of the act and the intention of the legislature." But an agency's "suggestion of deference is ... misplaced" when appellate courts "are confronted with the threshold question of whether the legislature has granted an agency the authority to take the action at issue." *In re Hubbard*, 778 N.W.2d 313, 318 n. 4 (Minn.2010).

■ Appellate courts "apply the de novo standard of review to the question of whether the [agency] has exceeded its statutory authority" and "resolve any doubt about the existence of an agency's

authority against the exercise of such authority." *In re Minn. Power,* 838 N.W.2d 747, 753 (Minn.2013) (quotation omitted).

Because an agency is a creature of statute, it "has only those powers given to it by the legislature." *In re Qwest's Wholesale Serv. Quality Standards,* 702 N.W.2d 246, 259 (Minn.2005) (quotation omitted). Although we need not give statutory authority "a cramped reading, any enlargement of express powers by implication must be *fairly drawn and fairly evident* from the agency objectives and powers expressly given by the legislature. Neither an agency nor the courts may enlarge the agency's powers beyond [those that were] contemplated by the legislative body." *Id.* (quotation omitted).

Rules adopted by the chief administrative law judge that "govern ... the procedural conduct of ... contested case hearings ... shall be binding upon all agencies and shall supersede any other agency procedural rules with which they may be in conflict." Minn.Stat. § 14.51 (2012). "[A]dministrative agencies have the authority to fill in gaps in the framework of regulatory statutes." *St. Paul Cos. v. Hatch,* 449 N.W.2d 130, 134 n. 3 (Minn.1989) (noting Minnesota adopted the federal approach on this issue). Although "administrative agencies may adopt regulations to implement or make specific the language of a statute, they cannot adopt a conflicting rule." *Billion v. Comm'r of Revenue,* 827 N.W.2d 773, 781 (Minn.2013) (quotation omitted).

In this case, Minnesota Statutes section 115C.07, subdivision 3(a), requires the board to "adopt rules regarding its practices and procedures, the form and procedure for applications for compensation from the fund, procedures for investigation of claims and specifying the costs that are eligible for reimbursement from the fund." Section 115C.12, subdivision 2(a), specifically provides that "[a]n applicant for reimbursement may appeal a reimbursement determination of the board *as a contested case under chapter 14.*" (Emphasis added.) Chapter 14 embodies the Minnesota Administrative Procedure Act (MAPA). Minn.Stat. §§ 14.001–.69 (2012).

Under Minn.Stat. § 14.58, "[i]n any contested case all parties shall be afforded an opportunity for hearing after reasonable notice." "In contested cases agencies may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonable prudent persons in the conduct of their affairs." Minn.Stat. § 14.60, subd. 1. "Every party or agency shall have the right of cross-examination of witnesses who testify, and shall have the right to submit rebuttal evidence." *Id.,* subd. 3. Under Minn. R. 1400.7200 (2013), "[a]ny party may be a witness and may present witnesses on the party's behalf at the hearing." "Required procedures in a contested case proceeding include the right to be heard after reasonable notice, the production of witnesses and documents, the taking of evidence, examination and cross-examination of witnesses, representation by counsel, presentation of arguments, and decision upon the record." *Hennepin Cnty. Cmty. Servs. Dep't v. Hale,* 470 N.W.2d 159, 165 (Minn.App.1991), *review denied* (Minn. July 24, 1991). "These required procedures are the incidents of a trial." *Id.*

The board argues that it did not exceed its statutory authority, relying on Minn.Stat. § 115C.07, subd. 3(a), which authorizes the board to adopt rules regarding its own practices and procedures, and Minn.Stat. § 115C.07, subd. 3(c), which authorizes the board to "adopt other rules necessary to implement this chapter." But the board cites no authority for the

proposition that it has authority to adopt rules that govern the practices and procedures applicable to contested cases under MAPA, and we are aware of none. Limiting evidence in a contested case is not necessary to implement chapter 115C.

The board also argues that it did not exceed its statutory authority by adopting Minn. R. 2890.4600, subp. 2(A), because "[t]he board *may* also allow supplemental information explaining the application to be presented orally" during board review, Minn. R. 2890.4500, subp. 3 (emphasis added). The board's argument is not persuasive. First, the issue in this appeal is whether the challenged portion of Minn. R. 2890.4600, subp. 2(A), is invalid because the board exceeded its statutory authority when it adopted the rule, purporting to limit evidence in a contested case to the written record previously submitted to the board. Second, any allowance of supplemental information under Minn. R. 2890.4500, subp. 3, is entirely at the board's discretion and does not include the presentation of witness testimony.

The board also argues that rule 2890.4600, subpart 2(A), does not conflict with contested-case procedures because it merely limits the substantive scope of contested-case proceedings, leaving the various procedural tools untouched. We disagree. For reasons already discussed, rule 2890.4600, subpart 2(A), directly conflicts with provisions of chapter 115C and MAPA. The board therefore exceeded its statutory authority by adopting the rule, and we declare the rule to be invalid.

Because rule 2890.4600, subpart 2(A), limits an ALJ's consideration in a contested case to "the evidence submitted to the board," we conclude that the rule conflicts with Minn.Stat. §§ 14.58 and .60; Minn. Stat. § 115C.12, subd. 2(a); and Minn. R. 1400.7200. We further conclude that the board exceeded its statutory authority un-

der Minn.Stat. § 115C.07, subds. 3(a) and (c), when it adopted Minn. R. 2890.4600, subp. 2, and that the rule is therefore invalid. Because we resolve this case on statutory grounds, we do not address GH's due-process claim. *See Pietsch v. Minn. Bd. of Chiropractic Examiners*, 683 N.W.2d 303, 309 n. 8 (Minn.2004) (declining to decide constitutional issues presented when the case could be resolved on non-constitutional grounds).

### DECISION

The board exceeded its statutory authority when it adopted Minn. R. 2890.4600, subp. 2(A), because the rule limits the evidence allowed in a contested case and therefore conflicts with Minn.Stat. §§ 14.58 and .60; Minn.Stat. § 115C.12, subd. 2(a); and Minn. R. 1400.7200. The following language in Minn. R. 2890.4600, subpart 2(A), therefore is invalid: "On appeal, the Office of Administrative Hearings must determine whether the evidence submitted to the board entitles the applicant to reimbursement and whether the board's determination is otherwise consistent with or contrary to law."

**Rule declared invalid.**